**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 28, 2012.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-12-00150-CV

_____

### IN RE ETC NGL TRANSPORT, LLC, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 998360**

---

## M E M O R A N D U M   O P I N I O N

On February 16, 2012, relator ETC NGL Transport, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asks this court to order the Honorable Linda Storey, Judge of the County Civil Court at Law No. 3, Harris County, Texas, to set aside portions of her order dated February 10, 2012, entered in trial court cause number 998360, styled *ETC NGL Transport, LLC v. Occidental Chemical Corporation, et. al.* Relator claims the trial court abused its discretion in ordering discovery of unredacted documents.

Relator also filed an emergency motion to stay the trial court's order pending our consideration of its petition. *See* Tex. R. App. P. 52.10. On February 17, 2012, this court issued an order staying those portions of the trial court's February 10, 2012, order that require relator to produce unredacted documents. We also requested the real parties in interest to file a response to the petition. Occidental Chemical Corporation, Occidental Chemical Corporation, and Occidental Energy Ventures Corp. (collectively "OxyChem") filed a response on February 23, 2012. The next day, DCP Midstream, LP and DCP Sand Hills Pipeline, LLC joined in OxyChem's response. *See* Tex. R. App. P. 9.7.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Relator has not established that the trial court abused its discretion. Accordingly, we deny relator's petition for writ of mandamus. The temporary stay ordered by this court on February 17, 2012, is lifted.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and Christopher.